1  Jay L. Raftery, Jr., State Bar No. 264114
   jraftery@amblaw.com
2  ANDRE, MORRIS & BUTTERY
   A Professional Law Corporation
3  1102 Laurel Lane
   Post Office Box 730
4  San Luis Obispo, CA 93406-0730
   Telephone:  (805) 543-4171
5  Facsimile:  (805) 543-0752

6  Attorneys for,
   Answering Defendants Shelly Berensen and Estate of Thomas Viscosi
7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  SYED HABEEB PASHA,                    Case No. 2:19-cv-05672 ODW(AGRx)

11               Plaintiff,               **ANSWERING DEFENDANTS THOMAS
                                          VISCOSI AND SHELLY BERENSEN'S**
12  v.                                    **ANSWER TO PLAINTIFF SYED HABEEB
                                          PASHA'S FIRST AMENDED COMPLAINT**
13  THOMAS VISCOSI, an individual; SHELLY
    BERENSEN, an individual, ATLANTIC     **JURY DEMAND REQUESTED**
14  CAPITAL LIMITED, an Antigua company;
    PEARNS POINT PROPERTY                 Assigned:     Otis D. Wright, II
15  DEVELOPMENT, a business of unknown
    form; LAST MILE SOLUTIONS, LLC, a
16  business of unknown form; ORANGE
    LIMITED, an Antigua and Barbuda company;
17  ORANGE INTERNATIONAL LIMITED
    DEVELOPMENT, an Antigua and Barbuda
18  company; and DOES 1 through 50, inclusive,

19               Answering Defendants.

20

21          Answering Defendants Thomas Viscosi (now deceased) and Shelly Berensen

22  ("**Defendants**") hereby answer Plaintiff Syed Habeeb Pasha's ("Plaintiff") First Amended

23  Complaint ("**FAC**") as follows:

24                              **I.**

25                          **ANSWER**

26          1.      To the extent that Paragraph 1 of Plaintiff's FAC consists of allegations regarding

27  Plaintiff, Defendants are without sufficient knowledge or information at this time to form a belief

28

ANDRE, MORRIS & BUTTERY
A Professional Law Corporation

1   as to the truth or falsity of those allegations in said paragraph, and on that basis, deny each

2   allegation contained therein.

3       2.    Defendants deny each allegation contained in Paragraph 2 of Plaintiff's FAC.

4       3.    Defendants admit that Shelly Berensen is a resident of the County of Palm Beach,

5   Florida, and deny the remaining allegations in Paragraph 3 of Plaintiff's FAC.

6       4.    Defendants lack sufficient knowledge or information to form a belief as to the

7   truth of the allegations contained in Paragraph 4, and on that basis deny each and every such

8   allegation.

9       5.    Defendants lack sufficient knowledge or information to form a belief as to the

10  truth of the allegations contained in Paragraph 5, and on that basis deny each and every such

11  allegation.

12      6.    Defendants lack sufficient knowledge or information to form a belief as to the

13  truth of the allegations contained in Paragraph 6, and on that basis deny each and every such

14  allegation.

15      7.    Defendants lack sufficient knowledge or information to form a belief as to the

16  truth of the allegations contained in Paragraph 7, and on that basis deny each and every such

17  allegation.

18      8.    Defendants lack sufficient knowledge or information to form a belief as to the

19  truth of the allegations contained in Paragraph 8, and on that basis deny each and every such

20  allegation.

21      9.    To the extent that Paragraph 9 of Plaintiff's FAC consists of allegations regarding

22  non-answering and/or fictitiously named defendants, Defendants are without sufficient

23  knowledge or information at this time to form a belief as to the truth or falsity of those

24  allegations in said paragraph, and on that basis, deny each allegation contained therein.

25  Defendants deny the remaining allegations in Paragraph 9.

26      10.    To the extent Paragraph 10 of Plaintiff's FAC states conclusions of law,

27  Defendants are not required to respond. To the extent a response is required, Defendants are

28

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

2

1  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

2  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

3       11.    To the extent Paragraph 11 of Plaintiff's FAC states conclusions of law,

4  Defendants are not required to respond. To the extent a response is required, Defendants are

5  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

6  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

7       12.    To the extent Paragraph 12 of Plaintiff's FAC states conclusions of law,

8  Defendants are not required to respond. To the extent a response is required, Defendants are

9  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

10  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

11       13.    To the extent Paragraph 13 of Plaintiff's FAC states conclusions of law,

12  Defendants are not required to respond. To the extent a response is required, Defendants are

13  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

14  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

15       14.    To the extent Paragraph 14 of Plaintiff's FAC states conclusions of law,

16  Defendants are not required to respond. To the extent a response is required, Defendants are

17  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

18  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

19       15.    To the extent Paragraph 15 of Plaintiff's FAC states conclusions of law,

20  Defendants are not required to respond. To the extent a response is required, Defendants are

21  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

22  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

23       16.    To the extent Paragraph 16 of Plaintiff's FAC states conclusions of law,

24  Defendants are not required to respond. To the extent a response is required, Defendants are

25  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

26  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

27       17.    To the extent Paragraph 17 of Plaintiff's FAC states conclusions of law,

28  Defendants are not required to respond. To the extent a response is required, Defendants are

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

3

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

1   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

2   of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

3       18.     To the extent that Paragraph 18 of Plaintiff's FAC consists of allegations

4   regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to

5   the truth of the allegations in said paragraph, and on that basis, deny each allegation contained

6   therein. Defendants deny the remaining allegations in Paragraph 18.

7       19.     To the extent Paragraph 19 of Plaintiff's FAC states conclusions of law,

8   Defendants are not required to respond. To the extent a response is required, Defendants are

9   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

10  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

**FIRST CAUSE OF ACTION**

11

12      20.     Defendants incorporate by reference each of the responses to the allegations

13  contained in Paragraphs 1 though 19 above.

14      21.     To the extent Paragraph 21 of Plaintiff's FAC states conclusions of law,

15  Defendants are not required to respond. To the extent a response is required, Defendants are

16  without sufficient knowledge or information at this time to form a belief as to the truth or falsity

17  of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

18      22.     To the extent that Paragraph 22 of Plaintiff's FAC consists of allegations

19  regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to

20  the truth of the allegations in said paragraph, and on that basis, deny each allegation contained

21  therein. Defendants deny the remaining allegations in Paragraph 22.

22      23.     To the extent that Paragraph 23 of Plaintiff's FAC consists of allegations

23  regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to

24  the truth of the allegations in said paragraph, and on that basis, deny each allegation contained

25  therein. Defendants deny the remaining allegations in Paragraph 23.

26      24.     To the extent Paragraph 24 of Plaintiff's FAC states conclusions of law,

27  Defendants are not required to respond. To the extent a response is required to said paragraph,

28  Defendants deny each allegation contained therein.

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

25.     To the extent Paragraph 25 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required to said paragraph, Defendants deny each allegation contained therein.

**SECOND CAUSE OF ACTION**

26.     Defendants incorporate by reference each of the responses to the allegations contained in Paragraphs 1 though 25 above.

27.     To the extent Paragraph 27 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

28.     To the extent that Paragraph 28 of Plaintiff's FAC consists of allegations regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in said paragraph, and on that basis, deny each allegation contained therein. Defendants deny the remaining allegations in Paragraph 28.

29.     To the extent Paragraph 29 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required to said paragraph, Defendants deny each allegation contained therein.

**THIRD CAUSE OF ACTION**

30.     Defendants incorporate by reference each of the responses to the allegations contained in Paragraphs 1 though 29 above.

31.     To the extent that Paragraph 31 of Plaintiff's FAC consists of allegations regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in said paragraph, and on that basis, deny each allegation contained therein. Defendants deny the remaining allegations in Paragraph 31.

32.     To the extent Paragraph 32 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required to said paragraph, Defendants deny each allegation contained therein.

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

590353

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

**FOURTH CAUSE OF ACTION**

33.     Defendants incorporate by reference each of the responses to the allegations contained in Paragraphs 1 though 32 above.

34.     To the extent Paragraph 34 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants deny each allegation contained therein.

35.     To the extent Paragraph 35 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

36.     To the extent Paragraph 36 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

37.     To the extent Paragraph 37 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

38.     To the extent Paragraph 38 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

39.     To the extent Paragraph 39 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are without sufficient knowledge or information at this time to form a belief as to the truth or falsity of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

40.     To the extent Paragraph 40 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants are

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

590353

1   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

2   of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

3        41.    To the extent Paragraph 41 of Plaintiff's FAC states conclusions of law,

4   Defendants are not required to respond. To the extent a response is required, Defendants are

5   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

6   of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

7        42.    To the extent Paragraph 42 of Plaintiff's FAC states conclusions of law,

8   Defendants are not required to respond. To the extent a response is required, Defendants are

9   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

10   of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

11                              **FIFTH CAUSE OF ACTION**

12        43.    Defendants incorporate by reference each of the responses to the allegations

13   contained in Paragraphs 1 though 42 above.

14        44.    To the extent Paragraph 44 of Plaintiff's FAC states conclusions of law,

15   Defendants are not required to respond. To the extent a response is required, Defendants deny

16   each allegation contained therein.

17        45.    To the extent Paragraph 45 of Plaintiff's FAC states conclusions of law,

18   Defendants are not required to respond. To the extent a response is required, Defendants are

19   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

20   of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

21        46.    To the extent Paragraph 46 of Plaintiff's FAC states conclusions of law,

22   Defendants are not required to respond. To the extent a response is required, Defendants are

23   without sufficient knowledge or information at this time to form a belief as to the truth or falsity

24   of the allegations in said paragraph, and on that basis, deny each allegation contained therein.

25        47.    To the extent Paragraph 47 of Plaintiff's FAC states conclusions of law,

26   Defendants are not required to respond. To the extent a response is required, Defendants deny

27   each allegation contained therein.

28

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

590353

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

48.     To the extent Paragraph 48 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants deny each allegation contained therein.

49.     To the extent Paragraph 49 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants deny each allegation contained therein.

50.     To the extent Paragraph 50 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants deny each allegation contained therein.

51.     To the extent Paragraph 51 of Plaintiff's FAC states conclusions of law, Defendants are not required to respond. To the extent a response is required, Defendants deny each allegation contained therein.

52.     To the extent that Paragraph 52 of Plaintiff's FAC consists of allegations regarding Plaintiff, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in said paragraph, and on that basis, deny each allegation contained therein. Defendants deny the remaining allegations in Paragraph 52.

## PRAYER

Defendants deny that Plaintiff is entitled to any of the relief requested or damages alleged or sought as asserted in Plaintiff's FAC.

## II.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate affirmative defenses to each cause of action asserted against them and to each of the acts and/or omissions with which Defendants are charged in Plaintiff's FAC. Defendants allege the following affirmative defenses without assuming the burden of proof for such where the burden of proof is not by law upon Defendants:

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's FAC fails to set forth facts sufficient to state a claim against Defendants for which relief can be granted.

ANDRE, MORRIS & BUTTERY
A Professional Law Corporation

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

**SECOND AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's FAC and each cause of action therein are barred in whole or in part because of the failure to perform a necessary condition precedent, concurrent, or subsequent.

**THIRD AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's FAC fails as it was not properly served on these Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff has failed to exhaust required administrative remedies and, as a result of that failure, some or all of the causes of action are barred.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that the right of Plaintiff to any recovery herein, if any such right exists, is reduced and limited to the percentage of fault attributable to Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that this suit is frivolous, unreasonable, or without foundation and, as a result, Defendants are entitled to recover their costs and attorneys' fees from Plaintiff, and hereby seek that recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's FAC and each cause of action therein are barred by the doctrines of waiver, estoppel, and unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

590353

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's FAC and each cause of action alleged therein are barred or any recovery is reduced by the doctrine of after-acquired evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's FAC and each cause of action therein fails to state facts upon which attorneys' fees or costs can be awarded.

**TWELVTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe and thereon allege that Plaintiff's FAC is barred as against the Defendants as the amounts claimed owed are overstated or are subject to offset.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that each purported cause of action is barred, in whole or in part, by the equitable doctrine of waiver as a result of Plaintiff's failure to complain to Defendants of any alleged misconduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff suffered no damages, is barred from recovering any damages, or must have any recovery reduced by virtue of his failure to exercise reasonable diligence to mitigate his alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff has suffered damages or injuries, his own negligence, own acts, omissions, representations and/or courses of conduct were a contributing proximate cause of said damages or injuries.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because any injuries or damages alleged by him, if any, were the result of new, independent, intervening or superseding causes that are unrelated to any conduct of Defendants. Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims was sustained.

10

590353

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because any injuries or damages alleged by him, if any, were the result of new, independent, intervening or superseding causes that are unrelated to any conduct of Defendants. Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims was sustained.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged damages, if any, were caused by a third party.

### NINTEENTH AFFIRMATIVE DEFENSE

Defendants assert that any injuries or damages alleged by Plaintiff were caused, in whole or in part, by the acts or omissions of others, for whose conduct Defendant is not responsible.

### TWENTIETH AFFIRMATIVE DEFENSE

Each of causes of action contained in Plaintiff's FAC is barred to the extent the Plaintiff failed to perform pursuant to the terms and conditions of his contracts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants assert that Plaintiff's claims are barred by the doctrine of assumption of risk.  These Answering Defendants are informed and believe and based thereon allege that Plaintiffs knew of the hazards and risks in their actions and had full knowledge and appreciation of the conditions existing and the risks of said actions, and that said assumption of risk was a proximate cause of Plaintiff's alleged injuries and damages.

WHEREFORE, these Defendants pray as follows:

1.      That Plaintiff take nothing by reason of his complaint, and that judgment be rendered in favor of these Defendants;

2.      That these Defendants be awarded their costs of suit incurred in defense of this action; and

590353

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

1

2  3.  For such other and further relief as the court deems just and proper.

3

4 Dated: July 18, 2019      ANDRE, MORRIS & BUTTERY
              A Professional Law Corporation

5

6

7            By: _____
              Jay Laurence. Raftery, Jr.

8              Attorneys for Defendants Shelly Berensen and
              Estate of Thomas Viscosi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANDRE, MORRIS & BUTTERY**
A Professional Law Corporation

590353

ANSWERING DEFENDANTS VISCOSI AND BERENSEN"S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT

## PROOF OF SERVICE

I am employed in the County of San Luis Obispo, State of California.  I am over 18 years of age and not a party to this action.  My business address is 1102 Laurel Lane, San Luis Obispo, CA 93406-0730.

On July 18, 2019, I served the within **ANSWERING DEFENDANTS THOMAS VISCOSI AND SHELLY BERENSEN'S ANSWER TO PLAINTIFF SYED HABEEB PASHA'S FIRST AMENDED COMPLAINT** on the interested parties and/or their attorneys of record to this action by placing a true copy as follows:
### *SEE ATTACHED LIST*

[X] **BY MAIL**: I placed a true copy of the foregoing document in a sealed envelope, addressed to each interested party as set forth above, with postage fully prepaid, for collection and mailing pursuant to the ordinary business practice of this office, which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business.

[ ] **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the offices of the addressee(s).

[ ] **BY OVERNIGHT DELIVERY**: I caused such envelope(s) to be delivered to the above parties by the close of the next business day by _____ with delivery fees paid or provided.

[ ] **BY FACSIMILE**: I caused a true copy of the foregoing document(s) to be served by facsimile transmission (in accordance with the written confirmation of counsel in this action) at the time shown on each attached transmission report from sending facsimile machine number (805) 543-0752 to each interested party at the facsimile number as shown above.  Each transmission was reported as complete and without error.  A true copy of each such transmission report is attached hereto.

[ ] **BY ELECTRONIC TRANSMISSION**: A true copy of the foregoing document was served electronically to the stated e-mail address(es) on *** at ***.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 18, 2019, at San Luis Obispo, California.

_Dawn B. Carpenter_
Dawn B. Carpenter

ANDRE, MORRIS & BUTTERY
A Professional Law Corporation

590353

13

**SERVICE LIST**
Syed Habeeb Pasha v. THOMAS VISCOSI, et al.
Case No. 19STCV01246

*Attorney*                                         *Representing*

Eugene S. Alkana                    Plaintiff, Syed Habeeb Pasha
A Professional Law Corporation
131 N. El Molino Avenue, Suite 310
Pasadena, CA  91101

ANDRE, MORRIS & BUTTERY
A Professional Law Corporation

14

ANSWERING DEFENDANTS VISCOSI AND BERENSEN'S
ANSWER TO PLAINTIFF PASHA'S FIRST AMENDED
COMPLAINT