O

| | |
|---|---|
| SYED HABEEB PASHA,<br><br>              Plaintiff,<br><br>    v.<br><br>THOMAS VISCOSI, an individual; SHELLY BERENSEN, an individual; et al.<br><br>             Defendants. | Case No. 2:19-cv-05672-ODW(AGR)<br>Hon. Otis D. Wright II<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [19] and DENYING PLAINTIFF'S EX PARTE APPLICATION [21]** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## I. INTRODUCTION

Plaintiff Syed Habeeb Pasha ("Pasha") moves for leave to file a Second Amended Complaint ("SAC") ("Motion"). (Mot. for Leave to File SAC ("Mot.") 1, ECF No. 19.) Subsequent to filing his Motion, Pasha applied ex parte to either advance the hearing on his Motion so that it would be timely or modify the Scheduling Order to

allow additional time for parties to amend pleadings ("Ex Parte"). (Ex Parte Appl. ("Ex Parte") 1, ECF No. 21.) For the following reasons, the Court **DENIES** Pasha's Motion and Ex Parte.[1]

## II.  FACTUAL BACKGROUND

On January 15, 2019, Pasha filed this action against Defendants Thomas Viscosi, Shelly Berensen ("Individual Defendants"), as well as a number of foreign companies, in the Superior Court of California, County of Los Angeles. (Notice of Removal, Ex. 1 ("Compl."), ECF No. 1-1.) Pasha asserted claims for Fraud, Money Had and Received, Offer and Sale of Unqualified Non-exempt Securities, and Misrepresentation or Omission of Material Facts in Violation of California Corporations Code section 25401 against all Defendants and Breach of Contract against the Individual Defendants. (Compl. ¶¶ 20–52.) Pasha subsequently amended his complaint only to modify the amount of monetary damages sought. (Notice of Removal, Ex. 1 ("First Am. Compl." ("FAC") at 10, ECF No. 1-1.) Defendants removed the action to this Court on June 28, 2019. (*See* Notice of Removal, ECF No. 1-1.)

Pasha's Motion asserts that he "recently discovered" that $100,000 of the funds at issue were transferred via Domestic Money Transfer ("DMT") from Pasha's account to Specialized Processing Solutions LLC ("SPS"). (Mot. 5; Decl. Eugene S. Alkana ("Alkana Decl.") ¶ 8, Ex. A ("Proposed SAC"), Ex. B ("DMT receipt"), ECF No. 19.) Pasha asserts that Berensen is a managing member of SPS. (Mot. 5.)

After failing to reach a stipulation with Defendants to allow amendment, on November 27, 2019, Pasha moved for leave to file a SAC adding SPS as a Defendant to the Third Cause of Action (Money Had and Received). (Alkana Decl. ¶ 9.) Pasha set the hearing for December 30, 2019, seven days after the deadline for hearings to amend pleadings or add parties. (Scheduling and Case Management Order

---

[1] After considering the papers filed in connection with Motion, the Court deemed the matter appropriate for decision without argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

("Scheduling Order") 25, ECF No. 14.) After Defendants opposed based in part on the Motion's untimeliness, Pasha applied ex parte to either advance the hearing so that the Motion would be timely or modify the Scheduling Order to extend the time to amend pleadings. (Ex Parte 1.) Defendants oppose both Pasha's Motion and Ex Parte. (Opp'n to Mot. ("Opp'n"), ECF No. 20, Opp'n to Ex Parte, ECF No. 31.)

### III. LEGAL STANDARD

"[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4) [("Rule 16")]." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When seeking to modify the Scheduling Order for leave to amend, only where the moving party first satisfies Rule 16's good cause standard will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15(a)(2) ("Rule 15"). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Unlike Rule 15's liberal amendment policy, which provides that leave to amend "should [be] freely give[n] when justice so requires," "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Fed. R. Civ. P. 15(a)(2); *see Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Johnson*, 975 F.2d at 608. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted); *see In re W. States*, 715 F.3d at 737–38 ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been

aware of the facts and theories supporting amendment since the inception of the action.").

If the moving party satisfies Rule 16's good cause standard, the court may then consider whether amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608. While Rule 15 provides that leave to amend shall be given freely, it is not automatic. *See Jackson*, 902 F.2d at 1387. In determining whether to grant leave to amend, courts in the Ninth Circuit consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States*, 715 F.3d at 738. However, "[n]ot all of the factors merit equal weight." *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[P]rejudice to the opposing party . . . carries the greatest weight." *Id.*

## IV. DISCUSSION

Pasha moves for leave to file a SAC to name SPS as a Defendant based on the "recently discovered" DMT receipt. (Mot. 5–6.) Defendants oppose, arguing that the sole piece of evidence supporting amendment, the DMT receipt, has been available to Pasha since 2014. (Opp'n 3.) Defendants also oppose on the basis that Pasha's motion is untimely. (Opp'n 3.)

**A. Ex Parte Application**

Apparently in response to Defendants' opposition, Pasha applies ex parte to either advance the hearing on his motion to make it timely, or modify the Scheduling Order to extend the deadline to amend pleadings or add parties. (Ex Parte 1.) Defendants oppose Pasha's ex parte application. (*See* Opp'n to Ex Parte.)

A party seeking ex parte relief must establish why a motion cannot be calendared in a regular manner; that they will be irreparably prejudiced if the motion is heard in accord with regular procedures; and that the requesting party is without fault in creating the crisis that requires ex parte relief or that the crisis was due to excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488,

492 (C.D. Cal. 1995). "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . ." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal 1989).

Pasha fails to address *Mission Power* in his Ex Parte. (*See generally* Ex Parte.) Additionally, Pasha appears to have resorted to ex parte practice as a result of missing the deadline to file a regularly noticed motion. Pasha fails to show how this "crisis" is not of his own making or present good cause for having missed the deadline. He claims "recent discovery" revealed the transaction to SPS, but the DMT receipt is dated 2014 and is from Pasha's account, so he has, or could have, been aware of the transaction with SPS since before the inception of this action. (*See* DMT receipt.) Further, the Court issued the Scheduling Order in September 2019, giving Pasha ample time to move to amend before the deadline. (*See* Scheduling Order.) Therefore, the Court's **DENIES** Pasha's Ex Parte. (ECF No. 21.)

### B. Motion for Leave to File SAC

Turning to Pasha's Motion, the Scheduling Order provides that any party moving for leave to amend a pleading after the deadline must address the propriety of the amendment under *Johnson v. Mammoth Recreations, Inc.* (Scheduling Order 5.) *Johnson* provides that the good cause standard under Rule 16 "primarily considers the diligence of the party seeking the amendment." 975 F.2d at 609. If the Scheduling Order cannot reasonably be met despite the diligence of the party seeking extension, the court may permit modification. *Id.*

Pasha filed his Motion on November 27, 2019, which necessitated a hearing date no sooner than December 30, 2019 per the local rules. (Mot. 1); C.D. Cal. L.R. 6-1. However, to be timely per the Scheduling Order, the Motion needed to be heard by December 23, 2019. (Scheduling Order 5.) Thus, as Pasha filed the Motion after the deadline, he must first show good cause to modify the Scheduling Order before he may seek leave to amend the FAC.

Pasha moves to amend to add SPS as a Defendant based on "recently discovered" evidence that Defendant Berensen is a managing member of SPS and that "at least some of" the funds at issue were transferred to SPS on July 16, 2014. (Mot. 5–6; DMT receipt.) However, Pasha provides no explanation for the "recent[] discover[y]," such as when he learned of the transaction, why he could not have discovered it previously, or how he could have been unaware of the transaction involving his own bank account for nearly five and a half years. (*See generally* Mot.) Defendants, on the other hand, suggest that not only was this information available to Pasha since before he commenced this litigation, but that Pasha had knowledge of the transaction since 2014. (Opp'n 3.) Indeed, the DMT receipt shows a monetary transfer from Pasha's account to SPS on July 16, 2014. (DMT receipt.) Yet, Pasha offers no evidence or argument that this DMT receipt was withheld from, unavailable to, or in some other way kept from him. These facts do not indicate diligence or good cause. *See In re W. States*, 715 F.3d at 737–38 ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

Despite Pasha's arguments that he promptly sought to amend after "recently discover[ing]" the SPS transaction, the DMT receipt indicates he had this information, or access to it, since before filing suit, and Pasha does nothing to explain or refute this fact. As such, Pasha had ample opportunity to add SPS as a Defendant before the deadline to amend or add parties. Therefore, the Court does not find good cause to modify the Scheduling Order. Accordingly, Pasha's Motion is **DENIED**.

Even if the Court found good cause for modifying the Scheduling Order, which it does not, Pasha's Motion does not pass muster under Rule 15. While Rule 15(a)(2) provides that leave to amend "should [be] freely give[n] when justice so requires," it "is not to be granted automatically." Fed. R. Civ. P. 15(a)(2); *Jackson*, 902 F.2d at 1387. The Ninth Circuit considers bad faith, undue delay, prejudice to the opposing

party, futility of amendment, and whether plaintiff has previously amended the complaint. *In re W. States*, 715 F.3d at 738. Here, undue delay is of primary concern, although other factors also weigh against allowing amendment.

Pasha contends that there is no undue delay because he timely sought leave to amend to add SPS following his "recent[] discover[y]" of Berensen's role with SPS and the DMT transaction. (Mot. 5.) However, regardless of opposing counsel's alleged delays in the meet and confer process, Pasha appears to have had access to, or been in possession of, the relevant information for more than five years. (*See* DMT receipt.) As discussed above, Pasha offers no evidence or argument as to how or when this information came to light beyond "recently," nor does he explain why he could not have discovered it from his own bank records before now. Absent such an explanation, the Court finds Pasha's last-minute attempt to add SPS as a Defendant constitutes undue delay.

As the reasons discussed above are dispositive of Pasha's Motion, the Court does not reach the parties' remaining arguments.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Pasha's Ex Parte Application (ECF No. 21) and Motion for Leave to File a SAC (ECF No. 19).

**IT IS SO ORDERED.**

February 5, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**